UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – x

THEODORE SANNON and MARIE HENRY
SANNON,

                       Plaintiffs,

    -against-

THE CITY OF NEW YORK, MICHAEL R.
BLOOMBERG, JONMICHEL LOBOSCO,
WILLIAM DIAB, and JOHN DOES 1-10 Consisting
of Individuals To Be Determined,

                       Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – X

**AMENDED COMPLAINT**

09-CV-3178 (CBA)(JO)

**JURY TRIAL DEMANDED**

      Plaintiffs Theodore Sannon and Marie Henry Sannon, by their attorney Ruskin

Moscou Faltischek, P.C., as and for a complaint herein alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiffs Theodore Sannon and Marie Henry Sannon ("Plaintiffs"), bring this

action against defendant the City of New York (the "City"), Michael R. Bloomberg,

JonMichel Lobosco, William Diab, and John Does 1-10 (collectively, "Defendants"), for

damages arising out of an assault by members of the New York Police Department which

included violations of Plaintiffs' constitutional rights to freedom from unreasonable

searches and seizures, freedom from compelled self-incrimination, and right to equal

protection of the law under State and Federal constitutions, false arrest, false

imprisonment, malicious abuse of process, assault, battery, intentional infliction of

emotional distress, conspiracy, gross negligence, negligent hiring and retention of

incompetent and unfit employees, negligent supervision and training and instruction of employees, and harassment.

## JURISDICTION AND VENUE

2.      Plaintiffs bring this action to redress the deprivation of rights secured them by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§1983 & 1985(3), Article 1, §§11 & 12 of the New York State Constitution, and State common law.

3.      As Plaintiffs contend that Defendants, *inter alia*, violated their Federal constitutional rights, this court has jurisdiction pursuant to 28 U.S.C. §§1331 & 1343, and 42 U.S.C. §§1983 & 1985(3).

4.      As Plaintiffs' State claims arise from the same common nucleus of operative facts as the Federal claims, this court has supplemental jurisdiction over the State claims pursuant to 28 U.S.C. §1367. A notice of claim was duly filed on defendant within 90 days of the incidents at issue, more than 30 days have elapsed since such filing, and the City has failed to settle Plaintiffs' claims. Moreover, this action was filed within one year and 90 days of the incident that is the basis of this case.

5.      Venue properly lies with this court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this claim occurred in the Eastern District of New York.

## PARTIES

6.      Plaintiff Theodore Sannon ("Plaintiff Theodore") is a 19 year old resident of the State of New York, Kings County. At the time of the incidents in question, he resided at

2

89 Crooke Avenue, Brooklyn, New York. At the time of the incidents in question, he was a student at Aspiration Diploma Plus and employed as a part-time security guard at Duane Reade and Foot Locker stores in Brooklyn.

7.     Plaintiff Marie Henry Sannon ("Plaintiff Marie") is a 51 year old resident of the State of New York, Kings County. She is the mother of Plaintiff Theodore. At the time of the incidents in question, she resided at 89 Crooke Avenue, Brooklyn, New York.

8.     Upon information and belief, defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein. Defendant operates and governs the New York City Police Department.

9.     Upon information and belief, during the relevant times mentioned herein and when the incidents complained of occurred, defendant Michael R. Bloomberg is or was the mayor of the City of New York, with an office at 100 Church Street, 5th floor, New York, New York 10007, and is being sued in his official and individual capacities.

10.    Upon information and belief, JonMichel Lobosco (Shield #30245), is a currently employed by the New York City Police Department at the 70th Precinct, 154 Lawrence Avenue, Brooklyn, New York 11230.

11.    Upon Information and belief, William Diab (Shield #22800), is currently employed by the New York City Police Department at One Police Plaza, Room 1100, New York, New York 10038.

12.    John Does 1-10 consist of individuals currently or formerly employed by the New York City Police Department, each of whom is believed to have violated Plaintiffs'

rights; and to have aided, abetted and conspired to violate Plaintiffs' rights; the identities of which will be determined through discovery in this matter.

13.     At the time of the incident and at all times pertinent hereto, defendant City and its agents, including but not limited to, Officers Lobosco and Diab, acted under color of law, statute, ordinance, regulation, custom, or usage.

## STATEMENT OF FACTS

14.     The following is a summary set forth for the purpose of demonstrating, averring, and providing notice of Plaintiffs' claims against the Defendants.

15.     On or about June 15, 2008, officers of the New York Police Department, including but not limited to, Officers Lobosco and Diab, violated Plaintiffs' rights as described herein.

16.     On or about 5 o'clock in the evening of June 15, 2008, in the vicinity of 89 Crooke Avenue, Brooklyn, New York, numerous police officers, including but not limited to, Officers Lobosco and Diab, maliciously abused their power as officers of the New York Police Department when, acting in concert and with no arrest warrant, exigency, probable cause, or reasonable suspicion that Plaintiff Theodore was involved in criminal activity, forcibly removed Plaintiff Theodore from his vehicle and assaulted, battered, falsely arrested, and falsely imprisoned him, and intentionally inflicted emotional distress on Plaintiffs.

17.     On June 15, 2008, Plaintiff Theodore and his family had just returned to his mother's house from Church. Plaintiff Theodore noticed a police cruiser driving toward his car, which was double-parked.

4

18.    When Plaintiff Theodore went to move his car, the police officers in the cruiser exited the vehicle.

19.    Upon information and belief, Officer Diab rudely ordered Plaintiff Theodore to sit in his vehicle and show his license and registration.

20.    Plaintiff Theodore showed Officer Diab his registration and asked the officers why he was being detained to his car. Officer Diab snarled back that it was because he was double-parked. Plaintiff Theodore obeyed the officer's original order and began to pull out his wallet to show the officer his license.

21.    At this point, the officer flung open the door, grabbed Plaintiff Theodore by the shirt, pulled him through the seatbelt strap, and pushed across the street to another vehicle. Shocked by this assault, Plaintiff Theodore asked the officer again what he did wrong. The officer ignored him, pulled out his nightstick, and began to beat Plaintiff Theodore, while shouting, "Put your hands behind your back."

22.    Plaintiff Theodore tried to comply with Officer Diab's request but the officer did not stop hitting him. Plaintiff Marie, heard the commotion and came running out to see why her son why being ruthlessly beaten. However, as she approached the scene, Officer Diab's partner took out his nightstick and threatened Plaintiff Marie to "stay back."

23.    When Plaintiff Marie asked officer Diab why he was beating her son, he replied, "because he's a nigger." As neighbors started to gather to observe the police brutality, more officers arrived and became hostile to the crowd.

24.    Plaintiff Theodore then tried to stand up to try to reason with the police, however, another officer picked him up and body-slammed him to the ground. This only fuelled

the police rage as more officers began to kick and beat Plaintiff Theodore with nightsticks around the waist, chest, elbows, and knees.  Another officer then threw Plaintiff Theodore onto the sidewalk.  Officer Diab then threatened Plaintiff Marie with mace before hitting Plaintiff Theodore in the head, again, with his nightstick.

25.    This only subsided once one of the officers pulled out a yellow Taser Gun and handcuffed Plaintiff Theodore.

26.    Even though he was handcuffed, the beating of Plaintiff Theodore barely subsided as they slammed him face-first into the police cruiser.  Afterward as he was thrown into the back of the cruiser, and Officer Diab intentionally slammed the door on Plaintiff Theodore's head, severely injuring his jaw.

27.    At no time was Plaintiff Theodore read his Miranda warnings.

28.    It was not until he reached the 70th Precinct and a sergeant saw the terrible condition he was in that an ambulance was called for medical treatment.  Plaintiff Theodore's injuries were so severe that the EMTs had to take him to Maimonedes Hospital where an x-ray was taken showing a possible fracture.

29.    Plaintiff Theodore was charged with obstruction of justice.

30.    Plaintiff Theodore was arraigned and was not released from custody until Plaintiff Marie posted bail.

31.    Plaintiffs did not engage in suspicious, unlawful or criminal activity prior to or during the above stated incidents.

32.     The police officers, including but not limited to, Officers Lobosco and Diab, did not observe Plaintiffs engage in suspicious, unlawful, or criminal conduct at any time prior to or during the above stated incidents.

33.     At no time prior to or during the above stated incidents were the police officers, including but not limited to, Officers Lobosco and Diab, provided with information or in receipt of a credible or an objectively reasonable complaint from a third person that Plaintiffs had engaged in suspicious, unlawful or criminal conduct.

34.     In fact, the District Attorney's office declined to prosecute.

35.     Upon information and belief, defendant City was aware prior to the incidents that the police officers involved in this incident, including but not limited to, Officers Lobosco and Diab, lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers.  Despite such notice, defendant City has retained these officers, and failed to adequately train and supervise them.

36.     As a result of Defendants' actions, Plaintiffs experienced personal and physical injuries, pain and suffering, fear of imminent physical injury or death, severe psychological pain, severe emotional distress, severe mental anguish, financial loss, embarrassment, and humiliation.

## CAUSES OF ACTION

### First Cause of Action: Deprivation of Constitutional Rights

37.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

7

38.    The conduct of defendant City, through its agents, including but not limited to, Officers Lobosco and Diab, as described herein, amounted to false arrest, false imprisonment, excessive use of force, malicious abuse of process, unlawful search and seizure, failure to give Miranda warnings, assault, battery, intentional and negligent infliction of emotional distress, conspiracy, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and harassment.

39.    The conduct of defendant City, through its agents, including but not limited to, Officers Lobosco and Diab, as described herein, violated Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article 1, §§11 & 12 of the New York State Constitution, including the freedom from unreasonable searches and seizures, freedom from compelled self-incrimination, and right to equal protection of the law and is actionable under 42 U.S.C. §1983.

40.    Defendant City's agents, including but not limited to, Officers Lobosco and Diab, acted under pretense and color of state law in their individual and official capacities and within the scope of their employment.  These acts by defendant City's agents were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said agents of defendant City acted willfully, knowingly, and with the specific intent to deprive Plaintiffs of their rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and Article 1, §§11 & 12 of the New York State Constitution.

41.     As a direct and proximate result of the misconduct and abuse detailed above,
Plaintiffs experienced personal and physical injuries, pain and suffering, fear of imminent
physical injury or death, severe psychological pain, severe emotional distress, severe
mental anguish, financial loss, embarrassment, and humiliation.

42.     Under State law, defendant City is responsible for its employees' actions under the
doctrine of *respondeat superior*.

43.     The intentional acts, abuse, and omissions committed by the defendant City's
agents were done with actual malice toward Plaintiffs and with willful and wanton
indifference to and deliberate disregard for human life and the rights of Plaintiffs as
civilians and citizens of the State of New York.  Furthermore, the officers involved in the
incidents included officers in supervisory roles, and the acts, abuse, and omissions
committed by the officers occurred as a result of defendant City's negligent hiring and
retention of the involved officers.  Plaintiffs also did not provoke defendant City's agents
in any way.  As a result, Plaintiffs are entitled to exemplary damages.

### Second Cause of Action: Conspiracy

44.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully
set forth at length herein.

45.     Defendant City's agents, including but not limited to, Officers Lobosco and Diab,
conspired to violate Plaintiffs' constitutional rights by acting in concert to place plaintiff
Theodore under unauthorized arrest, as more fully described in preceding paragraphs,
which is actionable under 42 U.S.C. §1985(3).

46.    As a direct and proximate result of the misconduct and abuse detailed above, Plaintiffs experienced personal and physical injuries, pain and suffering, fear of imminent physical injury or death, severe psychological pain, severe emotional distress, severe mental anguish, financial loss, embarrassment, and humiliation.

47.    The intentional acts, abuse, and omissions committed by the defendant City's agents, including but not limited to, Officers Lobosco and Diab, while acting in concert were done with actual malice toward Plaintiffs and with willful and wanton indifference to and deliberate disregard for human life and the rights of Plaintiffs as civilians and citizens of the State of New York.  Furthermore, the officers involved in the incidents included officers in supervisory roles, and the acts, abuse, and omissions committed by the officers occurred as a result of defendant City's negligent hiring and retention of the involved officers.  Plaintiffs also did not provoke defendant City's agents in any way.  As a result, Plaintiffs are entitled to exemplary damages.

### Third Cause of Action: Assault

48.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

49.    Defendant City's agents, including but not limited to, Officers Lobosco and Diab, assaulted Plaintiff Theodore by striking him repeatedly with their nightsticks and thereby causing Plaintiffs the imminent apprehension of injury or death.

50.    As a direct and proximate result of Defendants' actions, Plaintiffs experienced fear of imminent physical injury or death, severe psychological pain, severe emotional distress, severe mental anguish, embarrassment, and humiliation.

51.    The intentional assault committed by the agents of defendant City was done with

actual malice toward Plaintiffs and with willful and wanton indifference to and deliberate

disregard for human life and the rights of Plaintiffs as civilians and citizens of the State of

New York. Furthermore, the officers involved in the incidents included officers in

supervisory roles, and the acts, abuse, and omissions committed by the officers occurred

as a result of defendant City's negligent hiring and retention of the involved officers.

Plaintiffs also did not provoke defendant City's agents in any way. As a result, Plaintiffs

are entitled to exemplary damages.

## Fourth Cause of Action: Battery

52.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully

set forth at length herein.

53.    Defendant City's agents, including but not limited to, Officers Lobosco and Diab,

battered Plaintiff Theodore by intentionally and forcefully grabbing and pulling Plaintiff

Theodore from his car, throwing him on the ground, beating him with nightsticks, placing

him in handcuffs, slamming the police cruiser's door on his head, and as further indicated

in preceding paragraphs.

54.    As a direct and proximate result of Defendants' actions, Plaintiffs experienced

personal and physical injuries, pain and suffering, fear of imminent physical injury or

death, severe psychological pain, severe emotional distress, severe mental anguish,

embarrassment, and humiliation.

55.    The intentional battery committed by the agents of defendant City was done with

actual malice toward Plaintiffs and with willful and wanton indifference to and deliberate

11

disregard for human life and the rights of Plaintiffs as civilians and citizens of the State of New York. Furthermore, the officers involved in the incidents included officers in supervisory roles, and the acts, abuse, and omissions committed by the officers occurred as a result of defendant City's negligent hiring and retention of the involved officers. Plaintiffs also did not provoke defendant City's agents in any way. As a result, Plaintiffs are entitled to exemplary damages.

### Fifth Cause of Action: Intentional Infliction of Severe Emotional Distress

56.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

57.     Defendant City's agents, including but not limited to, Officers Lobosco and Diab, intentionally inflicted severe emotional distress on Plaintiffs by forcibly removing Plaintiff Theodore from his vehicle and assaulting, battering, falsely arresting, and falsely imprisoning Plaintiff Theodore; by willfully violating Plaintiffs' constitutional rights under color of law and under color of the authority of the police department; and as otherwise described in preceding paragraphs.

58.     As a direct and proximate result of the misconduct and abuse detailed above, Plaintiffs experienced personal and physical injuries, pain and suffering, fear of imminent physical injury or death, severe psychological pain, severe emotional distress, severe mental anguish, financial loss, embarrassment, and humiliation.

59.     The intentional acts, abuse, and omissions committed by the defendant City's agents were done with actual malice toward Plaintiffs and with willful and wanton indifference to and deliberate disregard for human life and the rights of Plaintiffs as

12

civilians and citizens of the State of New York.  Furthermore, the officers involved in the

incidents included officers in supervisory roles, and the acts, abuse, and omissions

committed by the officers occurred as a result of defendant City's negligent hiring and

retention of the involved officers.  Plaintiffs also did not provoke defendant City's agents

in any way.  As a result, Plaintiffs are entitled to exemplary damages.

## Sixth Cause of Action: Malicious Abuse of Process

60.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully

set forth at length herein.

61.     Defendant City's agents, including but not limited to, Officers Lobosco and Diab,

maliciously abused the process and authority of the police department and justice system

by, without cause and being completely unauthorized to do so, forcibly removing

Plaintiff Theodore from his vehicle and assaulting, battering, falsely arresting, and falsely

imprisoning Plaintiff Theodore, and intentionally inflicting emotional distress on

Plaintiffs; by willfully violating Plaintiffs' constitutional rights under color of law and

under color of the authority of the police department; and as otherwise described in

preceding paragraphs.

62.     As a direct and proximate result of the misconduct and abuse detailed above,

Plaintiffs experienced personal and physical injuries, pain and suffering, fear of imminent

physical injury or death, severe psychological pain, severe emotional distress, severe

mental anguish, financial loss, embarrassment, and humiliation.

63.     The intentional acts, abuse, and omissions committed by the defendant City's

agents were done with actual malice toward Plaintiffs and with willful and wanton

13

indifference to and deliberate disregard for human life and the rights of Plaintiffs as civilians and citizens of the State of New York. Furthermore, the officers involved in the incidents included officers in supervisory roles, and the acts, abuse, and omissions committed by the officers occurred as a result of defendant City's negligent hiring and retention of the involved officers. Plaintiffs also did not provoke defendant City's agents in any way. As a result, Plaintiffs are entitled to exemplary damages.

### Seventh Cause of Action: Negligence

64.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

65.    Defendant City's agents, including but not limited to, Officers Lobosco and Diab, as police officers of the New York Police Department, owed a duty to Plaintiffs to perform their police duties without violating Plaintiffs' constitutional, statutory, or common law rights, and without abusing their authority as police officers to cause undue tangible and intangible injuries to Plaintiffs.

66.    Defendant City's agents breached that duty by, without cause and being completely unauthorized to do so, forcibly removing Plaintiff Theodore from his vehicle and assaulting, battering, falsely arresting, and falsely imprisoning Plaintiff Theodore, and intentionally inflicting emotional distress on Plaintiffs; by willfully violating Plaintiffs' constitutional rights under color of law and under color of the authority of the police department; and as otherwise described in preceding paragraphs.

67.    As a direct and proximate result of Defendants' negligence, Plaintiffs experienced personal and physical injuries, pain and suffering, fear of imminent physical injury or

death, severe psychological pain, severe emotional distress, severe mental anguish, financial loss, embarrassment, and humiliation.

68.    At all relevant times, defendant City's agents were acting within the scope of their employment as officers of the New York Police Department, which is organized and operated by defendant City.

69.    The intentional acts, abuse, and omissions committed by the defendant City's agents were done with actual malice toward Plaintiffs and with willful and wanton indifference to and deliberate disregard for human life and the rights of Plaintiffs as civilians and citizens of the State of New York. Furthermore, the officers involved in the incidents included officers in supervisory roles, and the acts, abuse, and omissions committed by the officers occurred as a result of defendant City's negligent hiring and retention of the involved officers. Plaintiffs also did not provoke defendant City's agents in any way. As a result, Plaintiffs are entitled to exemplary damages.

## Eighth Cause of Action: Negligence

70.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

71.    Defendant City owed a duty to Plaintiffs to train and supervise and otherwise control its police officers in carrying out their police duty to defend and enforce the constitutional, statutory, and common law rights of Plaintiffs and other matters incidental to the exercise of police functions.

72.    Defendant City failed to provide adequate training, supervision, and control of defendant City's agents. Such failure constitutes negligence.

73.     As the direct and proximate result of defendant City's negligence, Plaintiffs experienced personal and physical injuries, pain and suffering, fear of imminent physical injury or death, severe psychological pain, severe emotional distress, severe mental anguish, financial loss, embarrassment, and humiliation.

74.     Defendant City's failure to provide adequate training and supervision to its police officers constitutes a willful and wanton indifference and deliberate disregard for human life and the rights and privileges of private citizens, including Plaintiffs, and Plaintiffs are therefore entitled to exemplary damages.  Furthermore, the officers involved in the incidents included officers in supervisory roles, and the acts, abuse, and omissions committed by the officers occurred as a result of defendant City's negligent hiring and retention of the involved officers.  Plaintiffs also did not provoke defendant City's agents in any way.  As a result, Plaintiffs are entitled to exemplary damages.

### Ninth Cause of Action: False Arrest

75.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

76.     Defendant City's agents, including but not limited to, Officers Lobosco and Diab, falsely arrested Plaintiffs when, under color of the authority of the police department and justice system, defendant City's agents, without cause and being completely unauthorized to do so, by forcibly removed Plaintiff Theodore from his vehicle and forcibly handcuffed plaintiff Theodore and transported him to the 70 Precinct and placed him in custody; by willfully violating Plaintiffs' constitutional rights under color of law and under color of the authority of the police department; and as otherwise described in

16

preceding paragraphs. Defendant City's agents falsely arrested Plaintiffs for the fictitious

charge of obstruction of justice that the District Attorney's office, in fact, declined to

prosecute.

77.     As a direct and proximate result of the misconduct and abuse detailed above,

Plaintiffs experienced personal and physical injuries, pain and suffering, fear of imminent

physical injury or death, severe psychological pain, severe emotional distress, severe

mental anguish, financial loss, embarrassment, and humiliation.

78.     The intentional acts, abuse, and omissions committed by the defendant City's

agents were done with actual malice toward Plaintiffs and with willful and wanton

indifference to and deliberate disregard for human life and the rights of Plaintiffs as

civilians and citizens of the State of New York. Furthermore, the officers involved in the

incidents included officers in supervisory roles, and the acts, abuse, and omissions

committed by the officers occurred as a result of defendant City's negligent hiring and

retention of the involved officers. Plaintiffs also did not provoke defendant City's agents

in any way. As a result, Plaintiffs are entitled to exemplary damages.

### Tenth Cause of Action: False Imprisonment

79.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully

set forth at length herein.

80.     Defendant City's agents, including but not limited to, Officers Lobosco and Diab,

falsely imprisoned plaintiff Theodore when, under color of the authority of the police

department and justice system, defendant City's agents, without cause and being

completely unauthorized to do so, forcibly handcuffed plaintiff Theodore and transported

him to the 70th Precinct and placed him custody, and as described more fully in preceding paragraphs.

81.    As a direct and proximate result of the misconduct and abuse detailed above, Plaintiffs experienced personal and physical injuries, pain and suffering, fear of imminent physical injury or death, severe psychological pain, severe emotional distress, severe mental anguish, financial loss, embarrassment, and humiliation.

82.    The intentional acts, abuse, and omissions committed by the defendant City's agents were done with actual malice toward Plaintiffs and with willful and wanton indifference to and deliberate disregard for human life and the rights of Plaintiffs as civilians and citizens of the State of New York.  Furthermore, the officers involved in the incidents included officers in supervisory roles, and the acts, abuse, and omissions committed by the officers occurred as a result of defendant City's negligent hiring and retention of the involved officers.  Plaintiffs also did not provoke defendant City's agents in any way.  As a result, plaintiff is entitled to exemplary damages.

### Eleventh Cause of Action: Harassment

83.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

84.    Defendant's agents, including but not limited to, Officers Lobosco and Diab, harassed Plaintiffs by placing Plaintiff Theodore under unauthorized arrest, as more fully described in preceding paragraphs.

18

85.    As a result of defendant City's agents' actions, Plaintiffs were alarmed and annoyed and experienced severe psychological pain, severe emotional distress, severe mental anguish, financial loss, embarrassment, and humiliation.

86.    Defendant City is liable to Plaintiffs for their harassment under the doctrine of *respondeat superior*.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands a jury trial and the following relief against Defendants as follows:

a.  Compensatory and punitive damages in the amount of $5,000,000 (FIVE MILLION DOLLARS) for the damages to Plaintiff caused by Defendants;

b.  Costs of this action, including attorney's fees pursuant to The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988; and

c.  Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated:  Uniondale, New York
        October 7, 2009

RUSKIN MOSCOU FALTISCHEK, P.C.

By: _____
      Douglas A. Cooper
      Thomas A. Telesca
      *Attorney for Plaintiff*
      1425 RXR Plaza
      East Tower, 15th Floor
      Uniondale, New York 11556
      (516) 663-6600

19